UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SURECLEAN CHIMNEY SERVICE, INC., d/b/a SURE CLEAN CHIMNEY AND MASONRY and SHANE C. CONSTRUCTION, and SHANE C. ELLISION, an individual, and successors,<br><br>Defendants. | No. 1:21-cv-01024-JPH-MJD |

**ORDER APPROVING CONSENT JUDGMENT**

The parties have filed a proposed Consent Judgment to resolve this case. *See* dkt. 9; dkt. 11. For the reasons discussed below, the proposed Consent Judgment is **APPROVED and ENTERED**. Dkt. [9].

**I.
Background**

On April 26, 2021, United States filed a complaint alleging that Sureclean Chimney Service, Inc. and Shane C. Ellision ("Defendants") violated provisions of sections 11 and 15 of the Fair Labor Standards Act ("FLSA"). Dkt. 1 at 1–3. Specifically, the complaint alleged that, starting in April 2019, Defendants did not accurately document hours worked by employees or properly record employee earnings. *Id.* at 3.

1

On May 10, 2021, the parties filed a proposed Consent Judgment, in which Defendants agreed to a permanent injunction stating:

> Defendants shall not fail to make, keep, and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the [Fair Labor Standards] Act and found in 29 C.F.R. Part 516.  Defendants shall provide to each employee on each pay date with a pay stub reflecting specific dates of the pay period, total hours worked and paid, including total earnings at the regular rate and the overtime rate, gross amounts paid, total tips received, if applicable, and any deductions taken by Defendants.  Each pay stub shall be accompanied by the employee's record of daily and weekly hours for the corresponding pay period.  Defendants shall post in a place visible to employees a Federal FLSA poster, available at http://www.dol.gov/whd/resources/posters.htm, in English and Spanish.

Dkt. 9 at 1–2.

The proposed Consent Judgment further provides that each party shall bear its own fees and expenses for the proceedings, and that this Court "shall retain jurisdiction for purposes of enforcing compliance with the terms . . . pursuant to Federal Rule of Civil Procedure 54."  *Id.* at 2.

## II.
## Analysis

A consent decree is "a court order that embodies the terms agreed upon by the parties as a compromise to litigation."  *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002).  A "consent decree proposed by the parties must (1) 'spring from and serve to resolve a dispute within the court's subject matter jurisdiction'; (2) 'com[e] within the general scope of the case made by the

pleadings'; and (3) 'further the objectives of the law upon which the complaint was based.'" *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996) (quoting *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)).

The proposed Consent Judgment satisfies each of those factors. First, the United States' FLSA complaint falls within the Court's subject-matter jurisdiction. *See* 29 U.S.C. § 217 (federal question jurisdiction). Second, the Consent Judgment's remedies—prohibiting future FLSA violations by Defendants—come within the general scope of the case. *See* dkt. 1 at 3. Third, the Consent Judgment will further the FLSA's objectives by facilitating Defendants' compliance with its provisions through specific required practices.

Even when those factors are satisfied, however, the proposed Consent Judgment must be "lawful, fair, reasonable, and adequate." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). "Among the factors that a district court should consider when it makes this 'fairness' determination are: a comparison of the strengths of plaintiff's case versus the amount of the settlement offer; the likely complexity, length, and expense of the litigation, the amount of opposition to the settlement among affected parties; the opinion of competent counsel; and, the stage of the proceedings and the amount of discovery already undertaken at the time of the settlement." *Gautreaux v. Pierce*, 690 F.2d 616, 631 (7th Cir. 1982). "The district court may not deny approval of a consent decree unless it is unfair, unreasonable, or inadequate." *Hiram Walker & Sons, Inc.*, 768 F.2d at 889–90.

For the reasons set forth in the United States' unopposed

3

memorandum, dkt. 11, the Consent Judgment is lawful, fair, reasonable, and adequate. It calls for specific actions to facilitate FLSA compliance. Both parties have been represented by counsel throughout the proceedings. *See* dkt. 9 at 3. The parties agree to the Consent Judgment, and the complaint's allegations, if proven, would establish the strength of the plaintiff's case. *See id.* And although the Consent Judgment was filed early in the litigation, the record gives no indication that greater discovery would aid in the resolution of this case. The Court therefore approves the Consent Judgment as lawful, fair, reasonable, and adequate.

## III.
## Conclusion

For the reasons discussed above, the proposed Consent Judgment is **APPROVED and ENTERED**. Dkt. [9]. Under the terms of the Consent Judgment, the Court retains jurisdiction over its enforcement. Dkt. 9 at 2. Judgment consistent with this ruling shall issue separately.

**SO ORDERED.**

Date: 8/20/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

Barbara Mariela Villalobos
U.S. DEPARTMENT OF LABOR (Chicago)
villalobos.barbara@dol.gov

SureClean Chimney Service, Inc.
6117 N. Oakland Ave.
Indianapolis, IN 46220

Shane C. Ellison
6117 N. Oakland Ave.
Indianapolis, IN 46220

Thomas L. Landwerlen
244 N. College Ave.
Indianapolis, IN 46202
tlandwerlen@oblawindy.com